To: Hon. Gregory M. Sleet
    United States District Court Judge

Re: <u>CLASI v. Coupe, etal</u>
    Civ. A. No.# 15-688 GMS

Subj: <u>Defendants modification of Agreement D.I.#40 in violation of D.I.#40 at page 12 sec. B</u>

Dear Judge Sleet, counsel

On page 12 section B <u>modification</u>. i: " This agreement and order may be modified only by written consent of the undersigned parties or their successors Approved by the court, or as provided in section 4.B. ii - iii hereof. Any changes or amendments to the agreement and order <u>Shell</u> be submitted to the court for purposes of the entry of a court order to reflect the revised agreement.

<u>iv</u>: The parties consent to the court's jurisdiction for enforcement or modification of this Agreement and order.

C. <u>Reasonable means for the purpose of Enforcement</u>

If CLASI has reasonable grounds to believe that DOC is in material breach of this agreement and order, it <u>Shell</u> Notify DOC of its concerns"

Plaintiff inmates Desmond, etal state the defendants DOC have voided the Agreement and made conditions worse for inmates then they had been prior to the Agreement, because of the Agreement And, the correctional officers union objections to the "Agreement interfering with their members sleep time during the Eight hours of their shift."

<u>Staff Issues</u>

The correctional officers union complaints of staffing issues are " self Induced by their own merit rules Grievances"

⊥

Prohibiting "Managers and Non-uniform correctional staff from working correctional officers positions." Prior to the correctional officers union filing Grievances blocking managers and Non-uniform prison staff from working officers position" they worked control rooms, visiting areas, and Non-essential security areas freeing up "Other officers" to work security areas, Now the court is allowing The correctional officers to benefit by voiding The agreement from a problem "They created." Moreover, not only voiding the agreement but making conditions worse on inmates then they were prior to (D.I. # 40).

Hazardous Employment: Is defined As "Employment involving a high degree of risk of Injury or death." The whining correctional officers union receives Hazardous Duty pay because They work, " to here Them tell a Hazardous Job" They want The pay while working Wal mart conditions.

Administration created The circumstances that lead to Lt. Steven Floyd Death:

Defendants, et al Perry Phelps, David Pierce created the circumstances That lead to Lt. Steven Floyd's death, They knew Lt. Floyd Bullied inmates, their families, abused Them mentally and physically and had over The years received hundards of complaints, Not once did They invoke DOC Policy 9.19 merit Rule 12.4 Applicable collective bargaining Agreement and request a "fitness for duty Evaluation." They dismissed Every complaint and left Lt. Floyd on duty despite his conduct.

The courts now going to reward their dereliction of duty by modifying the agreement without a "Show cause motion," or sanctions imposed for modifying the agreement without authorization by the court (D.I. # 40 at * 13). And Allowed them to make the conditions worse then prior to the agreement.

Since the defendants, etal Phelps, Pierce are incompetent and fail to understand their constitutional duty and statutory duty pursuant to 11 Del. C. § 6501, Let's offer and alternative cost effective staff deployment strategy which will keep the intent of the original agreement, and Recreation schedule.

### Staff deployment:

The court order the section of the correctional officers union contract which forbids correctional managers from the rank of Lieutenant to major from working correctional officers positions void allowing <u>All</u> correctional managers and Non-uniform personnel to work overtime in officers positions filling the gap of forced overtime and adding extra staff during relevant times of the day between the hours of 5:00 AM and 8:00 PM.

### Second deployment:

The defendants, etal Phelps, Pierce expand Part-time workers to include control room duty, outside gatehouse, visiting areas staffing, medical outside visits for inmates (medical runs) The DOC only deploys part-time retired correctional officers for court and transportation duty, this could free up to 15 extra full correctional officers for security areas at JTVCC.

### Third deployment:

The Defendants, etal Phelps, expand their search for part-time workers to include ex-police officers, college students and persons looking for second jobs which are not full time positions this saves the state money in benefits employing parttime workers its used at the post office and other Government Agency to fill staff, since the defendants, etal conceded they can't retain workers.

### Fourth deployment:

The court appoint a independant monitor to oversee the above changes and implementation of the agreement.

3

The defendants, etal Phelps, Pierce at the behest of their co-conspirators in violation of 42 U.S.C. §1985 The correctional officers union seek void the agreement while implementing harsher sanctions on SHU-MHU inmates then had been in place prior to the agreement, due in part from circumstances they created before the incident of February 1, 2017 in C-Building resulting in the targeted murder of Lt. Steven Floyd.

### NEW SANCTIONS

Prior to D.I. #40 MHU inmates received 1½ hours to 2 hours of recreation per day on Feb. 13, 2017 that will be cut to 45 min. per day. Inmates received $45 dollars in commissary bi-weekly that will be reduced, inmate rec. 24 inmates at once which is now reduced to 12 inmates.

Officers are attempting to exploit the unfortunate death of Lt. Floyd to return recreation back to per agreement status with further sanctions imposed so they can sleep their shift away with and incompetent administration who issues reactionary solutions not reasoned ones.

### CONCLUSION

WHEREFORE plaintiff Christopher R. Desmond, etal Inmates of SHU-MHU respectfully move counsel and the Honorable court to order defendants, etal Phelps, Pierce to show cause why the enclosed solution will not remedy the problems created by them, and why there is a need to modify the agreement without the court's authorization with harsher sanctions imposed on MHU-SHU inmates who where not involved in C-Building hostage situation.

C.C. Daniel G. Atkins Esq.
CLASI
Joseph C. Handlon Esq,
Del. Department of Justice

Christopher R. Desmond #160380
JTVCC
1181 Paddock Road
Smyrna Delaware 19977

4